

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-22-00121-CR
_____

CHRISTOPHER ANTONIO VAUGHN, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 5th District Court
Bowie County, Texas
Trial Court No. 19F0565-005

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice van Cleef

## MEMORANDUM OPINION

A Bowie County jury found Christopher Antonio Vaughn guilty of possession of a controlled substance, methamphetamine, in an amount of one gram or more but less than four grams, and the trial court sentenced Vaughn to ten years' imprisonment and assessed a $10,000.00 fine. Vaughn appeals the judgment of conviction.

Vaughn's appellate counsel filed a brief that outlined the procedural history of the case, provided a detailed summary of the evidence elicited during the trial court proceedings, and stated that counsel found no meritorious issues to raise on appeal. Counsel provided a professional evaluation of the record and demonstrated why there are no arguable grounds to be advanced, as required by law. *See Anders v. California*, 386 U.S. 738, 743–44 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978).

Vaughn's counsel filed a motion with this Court seeking to withdraw as counsel in this appeal and provided Vaughn with a copy of the brief and the motion to withdraw. His counsel also informed Vaughn of his rights to review the record and to file a pro se response and provided him a motion for access to the appellate record. After Vaughn filed his motion for access to the appellate record, his counsel provided him with a paper copy of the appellate record on March 9, 2023. On March 15, 2023, we entered an order to give Vaughn access to a digitally recorded exhibit that was part of the appellate record and notified him that his pro se response

was due on or before May 1, 2023. Also, by letter dated May 17, 2023, we notified Vaughn that the case would be submitted on briefs on June 7, 2023. Vaughn did not file a pro se response.

We reviewed the entire appellate record and independently determined that no reversible error exists. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). "However, appellate courts are authorized to reform judgments and affirm as modified in *Anders* cases involving non-reversible error." *Mitchell v. State*, 653 S.W.3d 295, 297 (Tex. App.—Texarkana 2022, no pet.) (comprehensively discussing appellate cases that have modified judgments in *Anders* cases).

In this case, the judgment of conviction has an entry under "Court Costs" of $290.00. Further, the certified statement of costs has entries for "STATE CONSOLIDATED COURT COSTS" of $185.00, for "LOCAL CONSOLIDATED COURT COSTS" of $105.00, for "TOTAL" (of costs) of $290.00, and for "TIME PAYMENT FEE" of $15.00.

In 2019, Section 133.102 of the Texas Local Government Code, entitled "Consolidated Fees on Conviction," was amended "to provide that a person convicted of a felony pay $185.00 as a court cost." *Gardea v. State*, No. 06-22-00004-CR, 2022 WL 17073891, at *2 (Tex. App.—Texarkana Nov. 18, 2022, no pet.) (mem. op., not designated for publication) (citing TEX. LOC. GOV'T CODE ANN. § 133.102(a)(1)). Also in 2019, Section 134.101 of the Texas Local Government Code, entitled "Local Consolidated Fees on Conviction of a Felony," was enacted "to provide that a person convicted of a felony pay $105.00 as a court cost." *Id.* (citing TEX. LOC. GOV'T CODE ANN. § 134.101(a)).

3

"Nevertheless, the 2019 law that amended Section 133.102(a)(1) and added Section 134.101 of the Local Government Code only applies to offenses that were committed after January 1, 2020, and provides that, for offenses committed before that date, the law in effect on the date the offense was committed governs." *Id.* (citing Act of May 23, 2019, 86th Leg., R.S., ch. 1352, §§ 1.03(a)(1), 1.05, 5.01, 5.04, 2019 Tex. Gen. Laws 3981, 3982, 3984, 3985, 4035 (eff. Jan. 1, 2020)). Vaughn was convicted for an offense committed on or about April 15, 2019. As a result, the costs of court chargeable to him are governed by the law in effect on April 15, 2019. In 2019, Section 133.102(a)(1) provided that a person convicted of a felony pay $133.00 as a court cost. Act of June 2, 2003, 78th Leg., R.S., ch. 209, § 62(a), § 133.102, 2003 Tex. Gen Laws 979, 996 (current version at TEX. LOC. GOV'T CODE § 133.102). "Further, although Section 134.101 of the Local Government Code was enacted in 2019," it was not effective until January 1, 2020. Before January 1, 2020, "there was no statute that provided for a person convicted of a felony to pay local consolidated fees as a court cost." *Id.* As a result, Vaughn is not obligated to pay the $105.00 charge for "LOCAL CONSOLIDATED COURT COSTS." *Id.* (citing *Hammontree v. State*, No. 12-21-00139-CR, 2022 WL 3012438, at *14 (Tex. App.— Tyler July 29, 2022, pet. ref'd) (mem. op., not designated for publication)). For those reasons, we modify the amount charged for "STATE CONSOLIDATED COURT COSTS" in the statement of costs to $133.00, we delete the charge for "LOCAL CONSOLIDATED COURT COSTS" from the statement of costs, and we modify the amount for "TOTAL" to $133.00. Also, we modify the amount for "Court Costs" in the judgment of conviction to $133.00.[1]

---

[1]We note that the trial court entered an order to withdraw funds in the amount of $10,310.00, which amount

4

Also, the Texas Court of Criminal Appeals has held that a time payment fee charged in a bill of costs "must indeed be struck for being prematurely assessed because a defendant's appeal suspends the duty to pay court costs and therefore suspends the running of the clock for the purposes of the time payment fee." *Dulin v. State*, 620 S.W.3d 129, 129 (Tex. Crim. App. 2021). "As a consequence, even now, assessment of the time payment fee in this case would be premature because appellate proceedings are still pending." *Id.* For that reason, we delete the charge for "TIME PAYMENT FEE" from the bill of costs.

In the *Anders* context, once we determine that the appeal is without merit, we must either dismiss the appeal or affirm the trial court's judgment. *See Anders*, 386 U.S. 738. In this case, we modify the judgment of conviction by changing the amount of court costs assessed to $133.00, and we modify the certified statement of costs by changing the "STATE CONSOLIDATED COURT COSTS" to $133.00, deleting the "LOCAL CONSOLIDATED COURT COSTS" and the "TIME PAYMENT FEE," and changing the "TOTAL" to $133.00.

---

included the fine and reimbursement fees assessed against Vaughn, as well as court costs in the incorrect amount of $290.00. Because orders to withdraw funds from an inmate's account are civil, not criminal, matters, we may not address inaccuracies in the order to withdraw funds in this criminal appeal. *See Harrell v. State*, 286 S.W.3d 315, 318 (Tex. 2009); *In re Johnson v. Tenth Jud. Dist. Ct. of Appeals*, 280 S.W.3d 866, 874 (Tex. Crim. App. 2008) (orig. proceeding).

We affirm the trial court's judgment, as modified.[2]

                                              Charles van Cleef
                                              Justice

Date Submitted:     June 7, 2023
Date Decided:       June 9, 2023

Do Not Publish

---

[2]Since we agree that this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case. *See Anders*, 386 U.S. at 744. No substitute counsel will be appointed. Should appellant desire to seek further review of this case by the Texas Court of Criminal Appeals, appellant must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review (1) must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing was overruled by this Court, *see* TEX. R. APP. P. 68.2, (2) must be filed with the clerk of the Texas Court of Criminal Appeals, *see* TEX. R. APP. P. 68.3, and (3) should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure, *see* TEX. R. APP. P. 68.4.